**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4587**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOHN THOMAS HARMON,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., Senior District Judge. (6:12-cr-00862-GRA-1)

Submitted: January 21, 2014            Decided: February 5, 2014

Before MOTZ, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Thomas Harmon appeals the twenty-four-month sentence imposed by the district court following his guilty plea to failure to properly register as a sex offender after traveling from Georgia to South Carolina, in violation of 18 U.S.C. § 2250(a) (2012). On appeal, Harmon's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the sentence imposed by the district court was reasonable. Harmon was advised of his right to file a pro se supplemental brief but did not file one. Finding no error, we affirm.

The sole issue raised in the Anders brief is whether Harmon's sentence was reasonable. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence imposed is within the appropriate Guidelines range, we consider it presumptively

2

reasonable.  United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).  The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).  Upon review, we conclude that the district court committed no procedural or substantive error in imposing the twenty-four-month sentence.  United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Harmon, in writing, of his right to petition the Supreme Court of the United States for further review.  If Harmon requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Harmon.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED